Sullivan, }
Dec. 1, 1903. }

LAMKIN & *a* v. JOHNSON.

A motion for a nonsuit is properly denied when there is any evidence to warrant a verdict in favor of the party upon whom the burden of proof is imposed.

TROVER, for sixteen cases of rubber boots and shoes. Trial by jury and verdict for the plaintiffs. Transferred from the May term, 1903, of the superior court by *Wallace*, C. J.

The plaintiffs' evidence tended to prove the following facts: In the spring of 1901, Peter S. Laducer was keeping a shoe store in Claremont, and the plaintiffs sold him at that time the property in controversy, to be delivered in the early fall and to be paid for December 1. In June, Laducer sold his business to one Mineau. After Mineau became the owner, Laducer told him of the order he had given, and the understanding between them was that Mineau should have the goods when they arrived. About August 27, the plaintiffs sent a bill of the goods to Laducer and

shipped the goods to him. When he received the bill he took it to Mineau, and on August 28 wrote to the plaintiffs that he wished to be relieved and that Mineau would take the goods and pay for them. The plaintiffs accepted the proposition, charged the goods to Mineau, and on September 3 wrote Laducer to that effect. Mineau notified the defendant on August 28 that he was to have the goods and pay for them; and prior to receiving the bill of the goods from Laducer, he wrote the plaintiffs that he would take them and heard from them to that effect. The defendant, on August 30, after he had been informed that Mineau was to have the goods and while they were on board a car at the railroad station in Claremont, attached them on a writ which he caused to issue against Laducer. After August 30 and prior to September 4, Mineau went to the station to procure the goods, found them attached on the defendant's writ against Laducer, was unable to obtain possession of the goods, and gave up getting them. September 4, the defendant induced Laducer to sign an order to release the goods from the custody of the sheriff. Laducer did not intend to sell the goods to the defendant, and the defendant paid nothing for them. Laducer never took possession of the goods. The defendant gave Laducer money to pay the freight charges, which he did, and the goods were taken by the defendant from the railroad and converted to his use. He gave Laducer credit for their value on a claim of $1,100 which he had against him. The defendant recovered judgment against Laducer, but never took out execution or made any levy upon the goods, and claims title by virtue of a sale from Laducer to him.

The defendant's motion for a nonsuit was denied, subject to exception. The parties agree that if the motion should have been granted, there is to be judgment for the defendant; otherwise, there is to be judgment on the verdict.

*Ira Colby & Son*, for the plaintiffs.

*Frank H. Brown* and *Hermon Holt*, for the defendant.

BINGHAM, J. "A motion for a nonsuit will not be granted where there is any evidence upon which a jury can properly find a verdict for the party producing it, upon whom the burden of proof is imposed." *Hovey* v. *Brown*, 59 N. H. 114, 116; *Paine* v. *Railway*, 58 N. H. 611.

In this case there was evidence from which it could be found that prior to September 4, 1901, the sale of the goods to Laducer had been rescinded by mutual consent; that the title to the goods never vested in Mineau; that on September 4, 1901, when the

defendant converted them to his own use, the title and right of possession was in the plaintiffs; that the lien created by the defendant's attachment, if valid, was abandoned; and that there was no sale of the goods by Laducer to the defendant.

<i>Judgment on the verdict.</i>

All concurred.