Hillsborough, } No. 3734.
May 4, 1948.

PETER V. CONDILES *v.* WAUMBEC MILLS, INC.

128

*Chretien & Craig (Mr. James A. Manning orally)*, for the plaintiff.

*Warren, Wilson, Wiggin & Sundeen (Mr. Sundeen orally)*, for the defendant.

DUNCAN, J. The plaintiff's exceptions present the relatively narrow issue of whether the preponderance of evidence that psychoneurosis resulted from the accident was so great as to make it "appear clearly and definitely that the [Court] did not act properly in its consideration of the evidence" because it was " 'misled, or failed to consider intelligently the evidence laid before' " it. *Witsutskie v. Malouin*, 88 N. H. 242, 246. So far as the exception to the decree rests upon the claim that it is "against the law," it presents no question of law, because none was previously saved. *Bennett v. Larose*, 82 N. H. 443.

As our decisions plainly indicate, findings or verdicts are not against the weight of the evidence merely because a preponderance of evidence might reasonably be thought to favor the moving party. Upon conflicting evidence, there may reasonably be a difference of opinion as to where the preponderance lies. While the plaintiff's testimony served to support the opinion advanced by the expert whom he called, as against that of the physician called by the defendant, a preponderance in favor of the plaintiff did not necessarily result, much less such a great preponderance as to clearly indicate improper action on the part of the trier of the facts.

The plaintiff suggests that the testimony of his attending physician concerning his history of nervousness was based upon conjecture rather than personal knowledge of his condition prior to the last accident, and served to mislead the Court. The witness' language was compatible with the expression of an opinion. It was unquestioned by objection or cross-examination, and uncontradicted by the plaintiff. To infer that it was founded neither upon the witness' observation of the plaintiff, nor upon the latter's statements to him is hardly required. Interpretation of the testimony was for the Trial Court.

Moreover, the findings were not necessarily based upon the defendant's evidence. The burden of proof was upon the plaintiff. If the testimony of the expert upon whom he relied was unconvincing, whether because his knowledge of the plaintiff's condition before the accident was limited to what he had been told, or for some other reason the Court was not obliged to accept his conclusions.

We find no clear or definite indication in the record that the Court acted improperly or unintelligently in considering the evidence, or was any way misled. *Leavitt* v. *Bacon*, 89 N. H. 383, 388.

*Exceptions overruled.*

All concurred.