Hillsborough, ⎱ No. 3770.
Dec. 7, 1948. ⎰

### FRANK SHIMKUS *v.* JOHN CAESAR.

*Robert W. Upton, John H. Sanders* and *Frederic K. Upton* (*Mr. Sanders* orally), for the plaintiff.

*Alvin A. Lucier* (by brief and orally), for the defendant.

JOHNSTON, J. Neither party had a statutory right of way or one in the same sense that a locomotive engineer has it; each owed to the other the reciprocal duty to act reasonably. *Tetreault* v. *Gould,* 83 N. H. 99.

In passing upon the motions for a nonsuit and for a directed verdict, the Court was obliged to consider the evidence for the plaintiff as true and to construe all the evidence most favorably to the plaintiff. *Carney* v. *Railway,* 72 N. H. 364, 369.

The defendant argues that since it was physically possible for the plaintiff to see the defendant and his automobile as quickly as the defendant could see him, contributory negligence must bar any recovery based upon negligence of the defendant. The issues of fault on the part of each operator cannot be so simply decided as by considering only the physical possibility of vision that each had of the other. That is only one factor. Whether each exercised reasonable care must be determined in the discretion of the jury by all the circumstances under which each respectively acted.

There was evidence from which it could have been found that the defendant was not reasonably attentive. The plaintiff testified that he went down the southerly side of the drive at about five miles per hour, using his coaster brake to control his speed. It took him approximately four seconds to travel the last 30 feet to the point of the collision when his bicycle was only two or three feet from the east edge of the tar. During this time or at least so much of it as the defendant going at a speed of 35-40 miles per hour used in traveling from the point 206 feet northerly, the plaintiff was visible to the defendant. Although the defendant did not see the bicycle until it was about ten feet from him, it could be found that he was at fault for not noticing it earlier. Two other bicyclists had preceded Frank Shimkus down the driveway. At the time of the collision the first of these had reached a point about 150 feet and the other a point about 100 feet northerly of the intersection. The defendant testified: "I didn't notice any bicycle before the accident." This testimony could have served as some indication of the amount of attention that the defendant was giving to the road and travelers upon it.

This inattention may have been causal of the accident. The defen-

dant testified that he should have been able to stop his car going at the rate of forty miles an hour in around ninety feet. In order to avoid the collision it was not necessary that the automobile come to a complete stop but merely that it slow sufficiently so that the bicycle, which in fact came close to the easterly edge of the road, could escape.

"The contributory negligence of a bicyclist injured in a collision with an automobile is usually for the jury." 10 Blashfield (Perm. ed. Part 2) Cyc. of Automobile Law and Practice 46. See also, *Halley* v. *Brown*, 92 N. H. 1, 3. Coming down the driveway, the plaintiff looked both to the north and the south for any approaching traffic. As he passed the barbed wire fence he looked north, then south, and again to the north when he first saw the automobile, 60-70 feet away. At that time the front wheel of his five foot long bicycle was two or three feet onto the tar road. He continued 10 or 12 feet across the road and was struck. Clearly, the plaintiff took some care for his own safety. *Halley* v. *Brown, supra,* 3.

It is true that the view taken by the plaintiff was not efficient. If he had looked north instead when he was looking south, he undoubtedly would have seen the automobile in time to have avoided the collision. This error falls into the class designated in *MacKelvie* v. *Rice*, 92 N. H. 465, 467, as mistakes of judgment, which are not necessarily careless mistakes, rather than into the class of cases in which the plaintiffs claim they looked but did not see or that in which the plaintiffs should have looked but did not.

At the time of the accident the plaintiff was a boy seventeen years of age. As such, he was entitled to have the jury make allowance for his age and stage of development in applying to his conduct the standard of reasonable care. *Charbonneau* v. *MacRury*, 84 N. H. 501; *Howe* v. *Company*, 87 N. H. 122, 123; *Katsikas* v. *Railway*, 90 N. H. 21, 23. See also, 57 Yale Law Journal 554; Restatement, Torts, *s.* 283, *comment* e.

The motions of the defendant for a nonsuit and for a directed verdict were rightly denied.

*Exceptions overruled.*

BRANCH, C. J., did not sit: the others concurred.