Rockingham,
Dec. 6, 1949. } No. 3877.

CHARLES G. STABROW, *Adm'r v.* PETER STABROW.

*Charles J. Griffin* and *Thomas J. Morris,* for the plaintiff.

*Waldron, Boynton & Waldron,* for the defendant.

LAMPRON, J. The defendant's motion for a nonsuit (correctly a motion to dismiss, and so treated) was properly denied and his exception thereto must be overruled. In passing upon this motion, the Court was obliged to consider the evidence for the plaintiff as true and to construe it most favorably to the plaintiff. *Shimkus* v. *Caesar,* 95 N. H. 286, 287.

The plaintiff testified that, shortly after the burial of his mother, the defendant came and rapped on the door of plaintiff's home one morning, woke him up, and came upstairs to his bedroom. The defendant was excited over money he had found, stating that plaintiff had a good mother for having so much money in the house. At defendant's request, plaintiff accompanied him to the homestead. There, in plaintiff's presence, the defendant dug around the house, among the furniture, around the rugs, in short all through the house, and found several large sums of money amounting in all to over $10,000 of which he took possession. This money was found in all the rooms of the house and in such containers as a coffee can, a milk can, bank money bags, lady's handkerchief and several purses and handbags. The defendant was surprised at his find.

The above was sufficient evidence on which a verdict could be found for the plaintiff and justified the denial of defendant's motion. *Lamkin* v. *Johnson,* 72 N. H. 344, 345.

No other question of law was saved by the defendant during the trial. Consequently those parts of his motion to set the verdict aside as being "against the law" and as being "against the evidence" raise no questions of law not already disposed of. *Bennett* v. *Larose,* 82 N. H. 443; *Condiles* v. *Waumbec Mills,* 95 N. H. 127, 128.

As to that part of his motion to set the verdict aside as being against "the weight of the evidence" it does not appear as a matter of law that the evidence in favor of the defendant was of such a preponderance that everyone must find in his favor (*Bennett* v. *Larose, supra,* 448), and there is "no clear or definite indication in the record that the Court acted improperly or unintelligently in considering the evidence, or was in any way misled." *Condiles* v. *Waumbec Mills,*

76

*supra,* 129; *Leavitt* v. *Bacon,* 89 N. H. 383, 389. Defendant's motion to set the verdict aside was therefore properly denied and his exception thereto is overruled.

*Judgment on the verdict.*

All concurred.