Hillsborough
No. 80-206

NEW HAMPSHIRE SUPPLY COMPANY, INC. *& a.*

v.

EDITH STEINBERG *& a.*

June 12, 1981

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Molly Mugler* on the brief), by brief for the plaintiffs.

*Green & Green*, of Manchester (*Leonard S. Green*, assisted by *Jon Groetzinger, Jr.*, on the brief), by brief for the defendants.

PER CURIAM. This is an appeal from a decree entered by the Superior Court (*Dunfey*, C.J.) after we had remanded this case "to the trial court to determine from the record and in accordance with our opinion, whether Steinberg's heart attack was legally and medically caused by his work-related stress." *New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 231, 400 A.2d 1163, 1169 (1979).

Defendant Edith Steinberg, wife of Morton Steinberg, filed a claim under RSA 281:22 for workmen's compensation benefits for herself and her minor children as a result of her husband's death from a "massive heart attack" on April 11, 1974, while employed by plaintiff New Hampshire Supply Company, Inc. The deputy labor commissioner found that the decedent's employment caused his heart attack and awarded compensation for his death in accordance with the above statute.

The plaintiff employer and its insurer appealed to the superior court. At trial, Mrs. Steinberg contended, and the trial court found, that coupled with the deceased's regular duties as operations manager of a plumbing warehouse business, he had been involved in intensive merger negotiations for nine or ten months before his heart attack, working six to seven days a week with much daily overtime.

She argued that these work-related conditions, together with the pressure resulting from the imposition of deadlines, intensive negotiations, and other factors, precipitated and thus caused, or at least contributed to, her husband's death.

The trial court found that there "is a substantial amount of conflicting expert medical testimony as to the relationship between the deceased's employment and the cause of his death . . . . Notwithstanding the foregoing, the medical experts [agree that] . . . prior to the deceased's death, he had a long history of obesity, smoking, elevated blood pressure and a significantly elevated cholestorol count." The court also found that the deceased's father had died of a heart attack and that the deceased's mother had had three heart attacks by the age of sixty-five. It further found that, "[a]lthough not decisive in and of itself . . . there was no single, sudden event or work-related occurrence that triggered the myocardiac infarction suffered by the deceased while working at his desk on April 3, 1974." The court concluded that Mr. Steinberg's death was not causally related or attributable to his employment, but that his death "was the result of an underlying heart disease which was, in the circumstances and on the facts presented, not work-related." Accordingly, the court decreed that the deceased's dependents were not entitled to compensation benefits. Mrs. Steinberg appealed.

On that first appeal, we sustained Mrs. Steinberg's exceptions. In doing so, we found conflicting medical testimony on whether work-connected overexertion and sustained psychological stress can cause a heart attack. We stated, however, that:

> "It is this court's responsibility to interpret and apply the law as it currently exists. Therefore, we reject the position that work-connected overexertion and sustained psychological stress can *never* provide the medical causal nexus for compensable myocardial infarctions, and a single sudden precipitating event is not a legal requirement."

*New Hampshire Supply Co. v. Steinberg*, 119 N.H. at 230, 400 A.2d at 1168.

When this case was first before us, we set out the legal causation test to be used to ascertain whether a claimant has proven "that the work-related stresses were a legal causal factor in the heart attack which ensued." *Id.* The actual test for legal causation varies depending upon whether there is a prior weakness or disease in the heart of the individual. *Id.* at 231, 400 A.2d at 1168. This analysis "takes into account the 'personal risks' contributed by the worker and the 'employment risks' present in his work." Note, *Heart Injuries Under Workers' Compensation: Medical and Legal Considerations*, 14 SUFFOLK U. L. REV. 1365, 1389 (1981). We also emphasized that "[i]n addition to legal causation, that is, that the

stress was work-connected, the claimants must also prove as a fact medical causation." *New Hampshire Supply Co. v. Steinberg*, 119 N.H. at 231, 400 A.2d at 1168; *see Modern Transfer v. Workmen's Comp. Appeal Bd.*, 408 A.2d 900 (Pa. Commw. Ct. 1979).

At the hearing on remand, the court invited and heard arguments by counsel on their positions pertaining to the remand. Upon reconsidering the evidence and the surrounding circumstances which led to Steinberg's death, the court reaffirmed its conclusion "that the claimants did not carry the required burden of establishing legal causation." Rather, the court stated, "the attack was more probably than otherwise the result of an expected progression, given the deceased's overall medical condition and state of development." With respect to medical causation, the court reiterated its prior finding "that Mr. Steinberg's death was the result of an underlying heart disease which was, in the circumstances and on the facts presented, not work-related." Accordingly, the trial court reaffirmed the result reached in its prior decree, and defendant Steinberg appealed.

"The compensability of heart attacks . . . [is a] most . . . troublesome problem in workmen's compensation law." Larson, *The "Heart Cases" in Workmen's Compensation: An Analysis and Suggested Solutions*, 65 MICH. L. REV. 441, 441 (1967); *see Jackson v. Emile J. Legere, Inc.*, 110 N.H. 252, 255–56, 265 A.2d 18, 20–21 (1970) (Kenison, C.J., concurring specially). "The adjudication of claims for heart injuries under worker's compensation laws is difficult because of the progressive nature of coronary heart disease and the ambiguous relationship of emotional stress and physical exertion to the development and aggravation of coronary heart disease." Note, *Heart Injuries Under Workers' Compensation: Medical and Legal Considerations*, 14 SUFFOLK U. L. REV. at 1365.

■■ In this case there was conflicting evidence as to whether the stress of the decedent's employment was the medical and legal causation of the deceased's heart attack. It is well settled that the weighing of the testimony and the assessment of its credibility was solely within the province of the trial court. *Ballou v. Ballou*, 118 N.H. 463, 465–66, 387 A.2d 1169, 1170 (1978); *see Town of Croydon v. Current Use Advisory Board*, 121 N.H. 442, 446, 431 A.2d 126, 129 (1981). Furthermore, when, as in this case, there is competent medical evidence to support a determination that the decedent's employment activities were not causally related to his heart attack and resulting death, a reviewing court may not substitute its judgment for that of the trial court even though contrary testimony received would have supported a different result. *Modern*

*Transfer v. Workmen's Comp. Appeal Bd.*, 408 A.2d at 902 (Pa. Commw. Ct. 1979).

■ We have examined the record of the original hearing and that of the hearing on remand, including the exhibits and depositions, in the light of our opinion remanding the matter to the trial court. On remand, the trial court stated that it was going to review the defendant's claim in accordance with the new rule of law enunciated in *New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 400 A.2d 1163 (1979), and our review of the record indicates that the court did so. Because there is evidence to support the trial court's finding that the decedent's heart attack was not caused by or attributable to work-connected stress but rather was the result of an underlying heart disease, that finding must stand. *See Automated Housing Corp. v. First Equity Associates, Inc.*, 121 N.H. 177, 180, 428 A.2d 886, 888 (1981); *Duby v. Osgood*, 120 N.H. 356, 357, 415 A.2d 326, 326 (1980).

We therefore uphold the trial court's determination that the claimants are not entitled to workmen's compensation benefits as the result of the death of Morton Steinberg.

*Affirmed.*