Coos
No. 81-236
No. 81-250

HELEN L. BURNS

v.

TOWN OF GORHAM & a.

May 12, 1982

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Robert A. Wells* on the brief and orally), for the plaintiff.

*Laurence F. Gardner*, of Hanover, by brief and orally, for the defendants.

DOUGLAS, J.   This case concerns a plaintiff who claims to have been denied employment with the Town of Gorham Highway Department because of unlawful sex discrimination. RSA 354-A:8 (Supp. 1981). We agree with the New Hampshire Commission for Human Rights and the Superior Court (*Temple*, J.) that the plaintiff was the victim of sex discrimination; however we consider the remedy granted by the trial court, specifically the back-pay award, to be inadequate.

In August 1978, an employee of the Gorham highway department resigned, creating a job opening. The plaintiff, Helen Burns,

heard about the position and filed an application with the town on September 5, 1978, one day before it was advertised. The advertisement read:

"Help Wanted. Applications being considered for highway department. Commercial truck license required. Applications can be picked up at Town Hall, Park Street, Gorham, N.H."

Twenty-one applications were filed: twenty men and one woman, the plaintiff, applied. The town selectmen hired Robert Coty, who had a high school education and a commercial truck license, for the position on September 28, 1978. The town filled another position from the same pool of applicants: on October 2, 1978, Russell Gray was hired on a "temporary" basis although he indicated on his application that he sought a permanent job. Mr. Gray had a college associate's degree but did not have a commercial truck license when hired.

After the plaintiff learned that these two men had been chosen for highway department jobs, she spoke with two of the three town selectmen about their reasons for rejecting her. Although the selectmen told the plaintiff that she was not qualified, she testified that they would not specify what qualifications she lacked. Testimony in the record indicates that the selectmen were asked three times to specify what the qualifications were and that selectman David Murphy finally "leaned back in his chair with quite a smirk on his face" and told them that the requirement which the plaintiff lacked was a high school diploma. The need for a high school diploma had not been advertised or otherwise made known to the applicants. The town subsequently offered to hire the plaintiff to clean up fire damage in the town hall.

The plaintiff timely filed a charge of sex discrimination with the New Hampshire Commission for Human Rights on December 6, 1978. The Commission found that the Town of Gorham's explanation for rejecting the plaintiff was a pretext for the following reasons: the town had failed to introduce any convincing evidence that the requirement for a high school diploma had been officially adopted by the selectmen; the town, after rejecting the plaintiff, hired a male who lacked a commercial truck license and therefore did not meet the advertised qualification; and the selectmen offered the plaintiff a "female stereotyped job, involving sweeping and cleaning" after she had been rejected for the highway department job. The town was ordered to pay reasonable attorney's fees and expenses and to pay the plaintiff $5,498.72 in back pay, representing pay from October 2, 1978, when the plaintiff should

have been hired, through March 21, 1980, the date of the commission's second, and final, hearing. The commission also ordered the town to offer the plaintiff the next available position in Gorham comparable in type, salary, and benefits to those for which the men were selected. Her seniority was to accrue from October 2, 1978.

The plaintiff appealed to superior court under RSA 354-A:10, asserting that she should have been awarded back pay through the date on which she is actually offered a comparable position. The town also appealed the order as unreasonable, arbitrary, and unjust. On May 26, 1981, the superior court affirmed the commission's decision, holding that the commission's factual findings were sufficient to support its conclusion that RSA 354-A:8 (Supp. 1981), which proscribes sex discrimination, had been violated and that its back-pay award was appropriate and adequate under all the circumstances. Both parties appealed to this court. We affirm in part, reverse in part, and remand.

■ The superior court's order is subject to review by this court under RSA 354-A:10, and our function is to determine whether there was any evidence in the record on which the trial court could have based its determination. *Walker v. Walker*, 119 N.H. 551, 554, 404 A.2d 1103, 1105 (1979). We now proceed to make that determination.

■ RSA 354-A:8 I (Supp. 1981) declares that it is an unlawful discriminatory practice for an employer to refuse to hire an individual because of sex unless the decision was based upon a bona fide occupational qualification. As we acknowledged in *Scarborough v. Arnold*, 117 N.H. 803, 807, 379 A.2d 790, 793 (1977), the federal decisions addressing discriminatory failure to hire help to clarify the parties' respective burdens of proof as well as the elements of this action.

■■ The plaintiff must first prove a prima facie case of discrimination, *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981), by showing by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances giving rise to an inference of unlawful discrimination. *See id.* at 253. The plaintiff may make out a prima facie case by showing (1) that she belonged to a minority; (2) that she applied for and was qualified for a job for which the employer was seeking applicants; (3) that despite her qualifications she was rejected; and (4) that after her rejection the position remained open and the employer continued to

seek applicants with the plaintiff's qualifications. *Id.* at 253 n.6 (reiterating test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), which this court followed in *Scarborough v. Arnold*, 117 N.H. at 807–08, 379 A.2d at 793). These four criteria, however, have always been considered flexible. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. at 253–54 n.6; *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802 n.13.

We are satisfied from our review of the transcripts and exhibits that the commission properly applied the four-part test set forth most recently in *Texas Department of Community Affairs v. Burdine*, 450 U.S. at 253 n.6, and that there is evidence in the record on which the trial court could have based its decision.

First, Helen Burns belongs to a class protected by RSA 354-A:8 (Supp. 1981) (it is unlawful to refuse to hire on basis of sex).

Second, the plaintiff applied for and was qualified for a job for which the employer was seeking applicants, that is, a "laborer" position with the Town of Gorham. The plaintiff's employment history demonstrates that she was qualified for the job: she started working in logging and lumber camps at age ten; she cut logs and drove a team of horses; she lifted and stacked 50- to 100-pound boxes as a shipper and receiver; she operated a back-hoe and drove a two-axle truck in conjunction with landscaping work; she dug ditches and installed septic systems; and she has a commercial truck license. The highway department job involved driving a garbage truck and snowplow, repairing old roads and building new ones, cutting brush and grass, cleaning town vehicles, digging graves, and doing some work for the water and sewer department. One of the selectmen responsible for hiring admitted that Helen Burns could "fill the bill," and we agree.

Third, the plaintiff was rejected despite her qualifications. The town hired Robert Coty for a position, rejecting the plaintiff, on September 28, 1978.

Fourth, the town continued to seek applicants with the plaintiff's qualifications. On October 2, 1978, Russell Gray was hired for a "temporary" position with the highway department. He submitted his application on March 30, 1978, about six months before the plaintiff applied. A town selectman testified that the plaintiff had not applied for this "temporary" position because she checked "permanent" on her job application. Russell Gray, who had also checked "permanent," was, however, awarded the job. Furthermore, Gray stated on his application that he did not have a commercial truck license, the only advertised qualification for the

job; the plaintiff, however, indicated that she had a commercial truck license and in fact had such a license.

Another opening was filled by a male on November 14, 1978, when the town hired Robert Bagley, whose application was dated November 3, 1978, as a laborer for the town maintenance department. The selectmen gave the existing applications, including the plaintiff's, "fast consideration" and hired Bagley because he was unemployed, had a family, and was "down and out and [had] no place . . . to turn . . . . "

■ ■ After the plaintiff establishes a prima facie case, a presumption of discrimination arises and the burden shifts to the defendant to produce evidence "that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. at 254. The defendant, however, need not persuade the court or commission that it was motivated by the proffered reason, but must merely produce a nondiscriminatory reason. *Id.* The town asserted that it rejected the plaintiff because she did not have a high school diploma. On an objective level, without further inquiry, we acknowledge that this could be a nondiscriminatory reason.

■ ■ To sustain her burden of persuasion, the plaintiff then had to show that the defendant's proffered reason was not the true reason for the employment decision. *Id.* at 256. The record supports the trial court's finding that the town's explanation was not worthy of credence. *See id.* The plaintiff presented compelling evidence that the highway department hired Lester White, a male, during the summer of 1979, and White had neither a high school diploma nor a high school equivalency certificate. This alone demonstrates the pretextual nature of the high school education requirement. The plaintiff also testified that one selectman told her she was not hired because the town had its "quota" of women. Although the selectman later denied making this statement, it is the function of the trier of fact to determine credibility. *New Hampshire Supply Co. v. Steinberg*, 121 N.H. 506, 509, 433 A.2d 1247, 1249 (1981); *Rogers v. Public Service Co.*, 121 N.H. 956, 959, 437 A.2d 263, 265 (1981).

Although the selectmen assert that they had adopted the high school diploma requirement, nothing in the minutes of their meetings refers to it. Two references to job qualifications appear in the minutes. On October 10, 1978, the following entry was made: "9. Don Lary asked what procedures the selectmen used in hiring new employees. Mr. Murphy stated that they review all applications

and pick out the ones that are most qualified for the job." The November 27, 1978 minutes contain the following item: "16. Don Lary was in to ask the selectmen if another *man* has been hired for the town. Mr. Bagley was hired." (Emphasis added.)

The commission found no convincing evidence that the requirement for a high school education was "officially adopted" by the selectmen. We need not discuss whether a formal procedure for adoption of job qualifications is necessary, as the quoted language implies, because the record lacks any documentation that the high school diploma prerequisite was adopted either formally or informally.

When the defendant's proffered reason involves a qualification that has not been advertised and there is no indication in the record that it was adopted either formally or informally by the employer, this in itself is evidence that the defendant's reason is a pretext.

In addition, the following information was before the commission and trial court: no woman had ever worked for the Town of Gorham Highway Department; on January 10, 1979, the town advertised for a "girl" to work part-time in the selectman's office; and on February 21, 1979, the town placed an advertisement for a custodian, specifying that the "[p]erson must be physically able to carry out *his* duties satisfactorily." (Emphasis added.)

We are satisfied from this evidence that the plaintiff has satisfied her burden of persuasion. We now examine the remedy ordered by the commission and trial court.

Under RSA 354-A:9 II, the commission is empowered to award back pay. Such an award is appropriate when the Commission for Human Rights has found that the plaintiff was denied employment on account of his or her sex. *Scarborough v. Arnold*, 117 N.H. at 809, 379 A.2d at 794. Thus, the commission's decision to award back pay, affirmed by the trial court, was proper. For the following reasons however, we hold that the amount was computed improperly.

The purpose of a back-pay award is to make the victims of unlawful discrimination whole by putting them in the position they would have been in absent the unlawful discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975) (interpreting Title VII of the Civil Rights Act of 1964, the federal counterpart to RSA 354-A:8). The commission in this case awarded Helen Burns back pay from the date of the discrimination through the

date of the commission's second, and final, hearing. Terminating a back-pay award on the date of the final commission hearing does not effectuate the purposes of RSA ch. 354-A, which, like its federal counterpart, seeks to make the victims of sex discrimination "whole." *See Albemarle Paper Co. v. Moody*, 422 U.S. at 421; *Chisholm v. United States Postal Service*, 516 F. Supp. 810, 878 (W.D.N.C. 1980), *modified on other grounds*, 665 F.2d 482 (4th Cir. 1981). A victim of discrimination is made "whole" when she is awarded back pay from the date on which the unlawful discrimination occurred until employment actually begins. *See, e.g.; Patterson v. Youngstown Sheet & Tube Co.*, 659 F.2d 736, 740 (7th Cir.), *cert. denied*, 102 S. Ct. 674 (1981); *Patterson v. American Tobacco Co.*, 535 F.2d 257, 269 (4th Cir.), *cert. denied*, 429 U.S. 920 (1976). Of course, the plaintiff's actual earnings or town welfare payments should be deducted from the income she would have earned absent discrimination. *See Czarnowski v. Desoto, Inc.*, 518 F. Supp. 1252 (N.D. Ill. 1981).

Accordingly, this case is remanded to the superior court for computation of the plaintiff's back-pay award. The commission's order is affirmed in all other respects.

*Affirmed in part; reversed in part; remanded.*

All concurred.