CHESHIRE TOYOTA/VOLVO, INC.

AND

THE UNIVERSAL UNDERWRITERS INSURANCE COMPANY

v.

MARY O'SULLIVAN, EXECUTRIX OF THE
ESTATE OF WILLIAM J. O'SULLIVAN, JR.

August 24, 1987

*James S. Yakovakis P.A.*, of Manchester, by brief and orally, for the plaintiffs.

*David B. Kaplan* and *Thomas M. Bond*, of Chelsea, Massachusetts, and *Green, McMahon & Heed*, of Keene (*Mr. Kaplan, Mr. Bond*, and *Douglas F. Green* on the brief, and *Mr. Kaplan* orally). for the defendant.

BATCHELDER, J.   The plaintiffs appeal from the decision of the Superior Court (*Thayer*, J.) awarding workers' compensation benefits to the defendant, Mary J. O'Sullivan, for her husband's fatal heart attack. RSA ch. 281. We affirm.

William J. O'Sullivan was a part-owner and general manager of Cheshire Toyota/Volvo, Inc. On the afternoon of October 10, 1984, he died while en route to an automobile auction. The cause of death was cardiac arrest brought on by acute cardiac arrythmia.

The deceased's widow, Mary J. O'Sullivan, filed for workers' compensation, and after a hearing, the labor commissioner ruled that O'Sullivan's death was related to his employment. The plaintiffs appealed, and the superior court held a trial de novo.

As the general manager of Cheshire Toyota/Volvo, Inc., Mr. O'Sullivan was in charge of the daily operations of the corporation. Testimony at trial indicated that the deceased suffered prolonged stress because of the corporation's financial difficulties and the difficulty of maintaining an adequate inventory of Toyota automobiles in the face of import restrictions. Prior to his death, O'Sullivan's stress became so severe that he underwent personality changes.

The deceased suffered from heart disease prior to his death. He had a myocardial infarction in 1979, and he was being treated for heart disease at the time of his death. The claimant's experts testified that O'Sullivan's work-related stress contributed to his death. The superior court determined that the deceased's work-related stress was greater than that normally encountered in nonemployment life and that his stress contributed to the cardiac arrest which caused his death. The plaintiffs appealed.

On appeal, the plaintiffs argue that the superior court's decision should be reversed because: (1) there was no evidence to support the finding that Mr. O'Sullivan's work-related stress was greater than that encountered in normal nonemployment life; and (2) the ruling that work-related stress contributed substantially to the deceased's cardiac arrest was contrary to the weight of the evidence.

■ The plaintiffs do not question the accidental nature of the deceased's heart attack, and the only issues before us therefore concern causation. *See Bartlett Tree Experts Co. v. Johnson*, 129 N.H. 703, 708, 532 A.2d 1373, 1375 (1987). In *New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 230–31, 400 A.2d 1163, 1168–69 (1979), *appeal after remand*, 121 N.H. 506, 433 A.2d 1247 (1981), this court adopted Professor Larson's analytical approach to questions of causation in heart attack cases and held "that protracted work-related psychological stress can cause a heart attack which may be compensable under our [workers'] compensation law. RSA ch. 281." We note that several other States have adopted Professor Larson's approach, *see* 1B A. LARSON, WORKMEN'S COMPENSATION LAW § 38.83(c) (1987), and allow recovery for injuries which result from protracted work-related stress. *See, e.g., Townsend v. Maine Bureau of Public Safety*, 404 A.2d 1014 (Me. 1979).

■ The claimant in a heart attack case must show by a preponderance of the evidence that work-related stress or exertion precipitated the employee's heart attack. "In other words, the

claimant[ ] [must] prove both medical and legal causation." *Steinberg,* 119 N.H. at 230, 400 A.2d at 1168. Under *Steinberg,* the appropriate test of legal causation depends on the employee's prior health. 119 N.H. at 231, 400 A.2d at 1168. Where the employee suffered from a weakness or disease of the heart prior to the heart attack in question, "the employment must contribute something substantial to the heart attack;" *i.e.,* the work-related stress or exertion which allegedly caused the heart attack "must be greater than is encountered in normal non-employment life." *Steinberg,* 119 N.H. at 231, 400 A.2d at 1168 (citations omitted). Otherwise, *any* work-related exertion will suffice to establish legal causation.

■ In the present case, it is clear that the deceased had prior heart disease, so the substantial contribution test of legal causation applies. The plaintiffs argue that there was no evidence that Mr. O'Sullivan's work-related stress was greater than that encountered in normal nonemployment life. We disagree. There was evidence that Cheshire Toyota/Volvo, Inc. was having financial difficulty immediately prior to O'Sullivan's death, and both Dr. Purcell, the deceased's treating physician, and Mrs. O'Sullivan testified that the deceased was under stress because of the corporation's business difficulties. The record also contains testimony by business associates that Mr. O'Sullivan's condition deteriorated noticeably at that time. The effects of this work-related stress were evident in the personality changes which the deceased experienced shortly before his death. The record amply supports the superior court's finding that the deceased's work-related stress was greater than that normally encountered in non-employment life. Thus, the claimant satisfied the test of legal causation.

■ The plaintiffs suggest that the testimony referred to above should not be believed because it was given by "interested" witnesses. This contention is wholly without merit. "The trier of fact is in the best position to measure the persuasiveness of evidence and the credibility of witnesses." *93 Clearing House, Inc. v. Khoury,* 120 N.H. 346, 350, 415 A.2d 671, 674 (1980). The proper way to expose a witness's bias is through vigorous cross-examination. *Cf. State v. Isaacson,* 129 N.H. 438, 440, 529 A.2d 923, 924 (1987) (trial judge should allow wide latitude on cross-examination to expose witness's bias). In fact, the plaintiffs raised this point on cross-examination. The trial judge, in his discretion, rejected the plaintiffs' argument, and we will not overturn his decision. *93 Clearing House, Inc. supra.*

■ The plaintiffs next argue that the trial court's ruling that work-related stress "contributed substantially" to the deceased's cardiac arrest was contrary to the weight of the evidence. The plaintiffs mistake both the claimant's burden of proof·on the issue of medical causation and our standard of review. As noted above, the claimant satisfied the substantial contribution test of legal causation by demonstrating that her husband's work-related stress was greater than that normally encountered in nonemployment life. *See Steinberg,* 119 N.H. at 231, 400 A.2d at 1168–69. The claimant's next task was to prove medical causation. In *Bartlett Tree Experts Co. v. Johnson,* 129 N.H. at 709, 532 A.2d at 1376, we explained, "Regardless of which test of legal causation is appropriate in a given case, the test of medical causation remains the same: did the work-related stress or exertion *probably cause or contribute* to the employee's heart attack as a matter of medical fact?" (Emphasis in original.)

At trial, Dr. Edward Palank, Chief of Cardiology at Catholic Medical Center, testified that: "the stress that [the deceased] was under . . . did in fact aggravate his underlying condition of coronary disease and accelerated his arrythmia to the point that he had ventricular fibrillation and death." Dr. Purcell gave an opinion to the same effect.

■■ Our standard of review is well settled. We will not reweigh the evidence. *93 Clearing House, Inc.,* 120 N.H. at 350, 415 A.2d at 674. Our inquiry is whether there was competent evidence in the record upon which the trial court's decision could reasonably have been made. *Town of Hudson v. Wynott,* 128 N.H. 478, 483, 522 A.2d 974, 977 (1986). Under this standard, the testimony given by the claimant's experts was clearly sufficient to support the trial court's determination that the deceased's work-related stress contributed to the cardiac arrest which caused his death.

The plaintiffs' final suggestion is that, in addition to the requirements set forth in *Steinberg,* 119 N.H. at 230–31, 400 A.2d at 1168–69, "some controls are necessary, otherwise there is no defense to a claim of chronic stress." We will not discuss this argument at length because it is belied by the history of the *Steinberg* case itself. *See New Hampshire Supply Co. v. Steinberg,* 121 N.H. 506, 433 A.2d 1247 (1981) (on remand, claim for compensation denied based on trial court's determination that heart attack allegedly caused by prolonged psychological stress was not

caused by employment). Accordingly, the judgment of the superior court is affirmed.

*Affirmed.*

THAYER, J., did not sit; the others concurred.