Carroll
No. 87-419

*In re* PARCEL OF LAND LOCATED IN EFFINGHAM, NEW HAMPSHIRE, COMMONLY KNOWN AS THE MELOON LOT, CONSISTING OF 84 ACRES MORE OR LESS, DESCRIBED AT BOOK 101, PAGE 307 OF THE REGISTRY OF DEEDS, COUNTY OF CARROLL; 1969 BANNER TRAVEL TRAILER, SERIAL NO. B24564; BROWN 1969 DODGE VAN, VIN 2082163749; BRIGGS AND STRATTON POWER MATE 8 HORSE POWER 54 SERIES GENERATOR, SERIAL NO. 8520772; BRIGGS AND STRATTON POWER MATE 8 HORSE POWER 54 SERIES GENERATOR, SERIAL NO. 8520775; SUZUKI GENERATOR MODEL NO. SE1800A.

July 14, 1989

*John P. Arnold*, attorney general (*Clyde R. W. Garrigan*, assistant attorney general, on the brief), by brief for the State.

*Raiche, Clark, Kenna & Johnston P.A.*, of Manchester (*Bruce E. Kenna* on the brief), by brief for the party in interest, Stanley Yassen.

BATCHELDER, J.   The issue in this forfeiture proceeding, *see* RSA 318-B:17-b (Supp. 1988), is whether the State provided sufficient evidence to prove that the owner of the property in question knew that his property was being used to grow marijuana. We affirm the trial court's order granting the State's petition for forfeiture.

In this case, the State had the burden to prove by a preponderance of the evidence, RSA 318-B:17-b, IV (Supp. 1988); *see also In re $207,523.46 in U.S. Currency*, 130 N.H. 202, 206, 536 A.2d 1270, 1273 (1987), that the property owner, Stanley Yassen, knowingly used or intended to use his real property for the "manufacturing, compounding, processing, concealing, trafficking, delivery or distribution of a controlled drug. . . ." RSA 318-B:17-b, I(e) (Supp. 1988). Because the Superior Court (*O'Neil*, J.) found that the State had satisfied this burden, Yassen, to be successful on appeal, must demonstrate that there was not competent evidence upon which the court's decision reasonably could have rested. *Cheshire Toyota/Volvo, Inc. v. O'Sullivan*, 129 N.H. 698, 702, 531 A.2d 714, 716 (1987).

At the hearing, the parties stipulated that Yassen owned an eighty-four-acre parcel of land in Effingham, on which the local police had seized marijuana plants. The only remaining fact to be proved was whether Yassen knew that approximately two thousand marijuana plants were growing on his property. At the hearing, the court heard the testimony of four State witnesses, viewed machinery used to cultivate the marijuana, considered photographic evidence of the property, and watched a video cassette, taken on the day the police discovered the cannabis, showing a view of the defendant's trailer and the marijuana farming system that had been set up. From this evidence, the following facts were elicited.

Yassen purchased the eighty-four-acre property in May, 1985, and thereafter put a trailer beside a dirt road near the northern line of the land. A generator and sump pump located near the trailer provided it with electricity and water, respectively. South of the trailer, in three separate fields each surrounded by chicken wire, marijuana was grown. The approximate size of the fields ranged from a rectangle, which was sixty by one hundred twenty feet in area, to the larger of two circular areas, which had a three hundred foot radius. At the time of the seizure in August, 1985, the marijuana plants were two to four feet high, and were hidden

in and around other plants, or planted inconspicuously in rows. A complex fertilizer and irrigation system served each marijuana field. Each one had its own well, out of which gas-powered sump pumps pumped water through thousands of feet of hose with feeder lines to groups of plants. Brush and man-made materials concealed the generators and sump pumps.

A neighbor of Yassen's, Evelyn Tucker, owned the land which provided access to the logging road leading to the trailer. Tucker testified that she had given permission for Yassen to cross her land. She also testified that between May and August, 1985, she had seen Yassen more than several but less than a dozen times. In June through August, Tucker stated that she heard motor noises coming from the direction of Yassen's property almost every night, often into the early hours of the morning. When she mentioned these noises to Yassen, he replied that they were caused by a generator for the trailer.

The State also put on a witness, Melvin Wiltse, who testified that Yassen, accompanied by two other men, leased a backhoe from Conway Tractor in June. While the trial court found no direct evidence that the wells were dug with this backhoe, the size of the wells indicated that they were not dug manually. Further, Yassen instructed Wiltse to deliver and pick up the backhoe at certain times at a point other than the location where Yassen used the machinery.

Based on the evidence, the trial court determined that "the sheer magnitude, complexity, and sophistication exhibited by the marijuana growing operation, [made] implausible the suggestion that Yassen did not know or was unaware marijuana was being grown on his land." On appeal, Yassen contends that the State failed to meet its burden of proving by a preponderance of the evidence that he knowingly used his property or intended it to be used to grow marijuana. Yassen argues that the evidence showed that the marijuana plants and their irrigation systems were cleverly concealed, that the backhoe was used for legitimate purposes around the trailer, that the marijuana fields were located in a remote area of his eighty-four-acre parcel some two to three hundred yards away from his trailer, and that he intended to establish a horse farm on his property. In essence, Yassen claims that the trial court could not reasonably have concluded, on the basis of this evidence and inferences derived from it, that he knew marijuana was growing on his land.

■ We disagree. The evidence presented, while circumstantial, permitted the trial court to reach the conclusion it did. Our review of the record indicates that the court drew permissible inferences from the exhibits and testimony before it. Because we find that the record contains competent evidence upon which the court could rest its decision, *Cheshire Toyota/Volvo, Inc.*, 129 N.H. at 702, 531 A.2d at 716, we affirm.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.