Compensation Appeals Board
No. 91-394

APPEAL OF ANTHONY LAMBROU

(New Hampshire Department of Labor Compensation
Appeals Board)

July 15, 1992

*Gottesman and Hollis P.A.*, of Nashua (*Linda S. Letheren* on the brief and orally), for the claimant.

*Sulloway, Hollis & Soden*, of Concord (*Tracy D. Hill* on the brief and orally), for Unicast/Sturm Ruger.

BROCK, C.J. The claimant, Anthony Lambrou, appeals an adverse decision by the New Hampshire Department of Labor Compensation Appeals Board (the board) denying his claim for medical benefits for a preexisting condition that allegedly became symptomatic as a result of a work-related injury. For the reasons that follow, we reverse.

On April 30, 1986, the claimant injured his back lifting heavy parts while working for Unicast/Sturm Ruger (Unicast). The claimant saw his family physician, Dr. Stephen A. Tzianabos, who subsequently referred him to Dr. John M. Sherwin, an orthopedic surgeon. Dr. Sherwin suspected a herniated disc and treated him conservatively.

Initially, there was some minor improvement, but the claimant never completely healed. In the summer of 1986, Dr. Sherwin advised the insurance carrier that he had extended the claimant's disability from a termination date of August 1, 1986 to "indefinite." Dr. Sherwin subsequently placed several restrictions on the claimant's returning to work. The restrictions were such that the claimant was not able to return to his old job, and, when combined with his education and prior work experience, limited him in his search for a new job.

In 1989, the claimant was referred by Dr. Sherwin to Dr. Irina F. Barkan, a physiatrist, for the treatment of his continuing back pain. Dr. Barkan, unlike Dr. Sherwin, diagnosed a soft tissue/myofascial injury to the claimant's back. She opined that the injury could be treated with "physical medicine methods" and that the claimant would eventually be able to return to work with certain restrictions.

The claimant, unable to obtain relief from his treatment with Dr. Barkan, returned to Dr. Sherwin. In March 1990, Dr. Sherwin, following further laboratory tests, began to suspect ankylosing spondylitis and referred the claimant to Dr. Christopher J. Lynch, an expert in rheumatology. Dr. Lynch diagnosed bilateral sacroiliitis, a form of arthritis. According to Dr. Lynch, "the [arthritic] condition was in existence prior to his accident, but in a relatively minor, asymptomatic state. It would seem probable that his injury at work irritated this pre-existing condition causing it to become chronically symptomatic."

The claimant, who had no prior history of a back ailment, has been unable to work and has received weekly disability benefits from Liberty Mutual, the workers' compensation carrier, since the date of his injury. However, Liberty Mutual refused to pay Dr. Lynch's bill and related prescription and mileage charges on the grounds that the arthritic condition was not causally related to the work injury.

At the claimant's request, a hearing before the department of labor was held, and on February 20, 1991, the hearings officer denied his claim. The claimant appealed to the board, and following a *de novo* hearing, the board also denied his claim. At both hearings, the only medical evidence received was in the form of written reports. The claimant now appeals to this court pursuant to RSA chapter 541. *See* RSA 281-A:43, I(c) (Supp. 1991).

The claimant contends that the board erred in denying him workers' compensation benefits because he has offered uncontradicted competent medical testimony establishing that it is more probable than not that his current arthritic condition is causally connected to his 1986 work injury. Unicast, on the other hand, argues

that the claimant failed to meet his burden of proof. According to Unicast, substantial expert testimony refuting the claimant's position was introduced that supported the board's determination.

■ According to RSA 541:13, "the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." The board's findings of fact, and decision made pursuant to those findings, will not be disturbed if supported by competent evidence in the record. *See Xydias v. Davidson Rubber Co.*, 131 N.H. 721, 723–24, 560 A.2d 627, 628 (1989). In this case, the board, in denying the claimant's claim, stated that "[b]ased on the evidence presented, it is determined that the claimant's arthritic condition is not found to be more probable than not related to his original injury of April 30, 1986." However, the board made no findings of fact in reaching its decision, and the record is barren of any evidence to support it.

The only evidence presented by Unicast, and relied upon by· the board in support of its ruling, was a letter from Dr. Barkan to Liberty Mutual. In that letter, Dr. Barkan states that "I am not aware of the reason for the thoracic ankylosis though. It may be due to some previous trauma with post-traumatic disc and vertebral degeneration, or maybe [*sic*] congenital." According to Unicast, the board was entitled to credit this testimony over that of the claimant's experts in reaching its decision.

The opinion by Dr. Barkan on what actually caused the claimant's arthritis is irrelevant. The claimant admits that his bilateral sacroiliitis was a preexisting condition. The question before the board was whether the work-related injury caused the condition to become symptomatic. Therefore, because Dr. Barkan's testimony is not relevant to the issue, the written reports of the claimant's experts, both of whom opined that his arthritic condition became symptomatic as a result of his work injury, are uncontroverted.

■■ Simply because expert testimony is uncontradicted, however, does not mean that the factfinder is bound to accept it. *93 Clearing House, Inc. v. Khoury*, 120 N.H. 346, 350, 415 A.2d 671, 674 (1980). If the board declines to accept uncontroverted evidence, it must state its reasons for doing so. *See generally* 3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 80.23 (1989 & Supp. 1990). The purpose of this requirement "is to provide a basis for presenting to this court the questions of law arising on the facts found by the trial court." *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 433, 445 A.2d 1119, 1122 (1982) (quotation omitted).

■ In view of the fact that the board improperly relied on Dr. Barkan's opinion as the basis for denying benefits to the claimant, we vacate its decision. Upon remand, the board should make specific findings of fact supporting its decision to grant or deny benefits.

*Vacated and remanded.*

All concurred.