Compensation Appeals Board
No. 93-111

APPEAL OF DENISE BRIAND
(New Hampshire Department of Labor Compensation Appeals
Board)

June 10, 1994

*Kahn & Brown*, of Nashua (*John J. LaRivee* and *Kenneth M. Brown* on the brief, and *Mr. LaRivee* orally), for the petitioner.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Julie Ann Boyle* and *Richard E. Galway* on the brief, and *Mr. Galway* orally), for MacMulkin Chevrolet.

JOHNSON, J. The petitioner, Denise Briand, appeals from a decision of the New Hampshire Department of Labor Compensation Appeals Board (board) finding she failed to prove that her medical condition arose out of and in the course of her employment with MacMulkin Chevrolet. We reverse in part, vacate in part, and remand.

Briand had been employed at MacMulkin Chevrolet for several years in various capacities prior to January 28, 1992, when she reported to her employer her alleged neck and back injuries for which she seeks workers' compensation benefits. Briand testified that her most recent position as a shipper and receiver involved mainly the handling of parts and packages weighing up to sixty pounds. She also occasionally performed secretarial tasks and errands such as driving customers home. Her description of her job responsibilities was corroborated by her supervisor's testimony. In the two years prior to January 1992, Briand experienced tightness in her back and neck for which Dr. Lanzara, a chiropractor, treated her approximately seven times. In August 1991, Briand was examined by Dr. Khawaja Rahman, a neurologist, who advised her not to lift anything heavy and recommended physical therapy, which she began in September 1991.

On January 28, 1992, Briand first reported to her employer that her condition resulted from a work-related injury. MacMulkin Chevrolet's insurer sent Briand to three independent doctors for examinations: Dr. Donald Cusson, Dr. Richard Levy, and Dr. Leonard Emond. Dr. Levy found that Briand's injury could be work related, but Dr. Cusson and Dr. Emond determined separately that it was not. Briand also continued to see Dr. Rahman, who in his November 23, 1992, report stated his "contention" that Briand's alleged injuries were work related because of the "repetitive motions and lifting" in which she engaged. Dr. Rahman diagnosed Briand's condition as chronic pain syndrome due to cervical/lumbosacral sprains.

At the hearing before the board, Briand testified to the alleged repetitive nature of her primary duties. Briand also testified that an auto accident she experienced while a child, which she had mentioned to both Dr. Rahman and Dr. Cusson, was not serious enough to be the source of her present neck problems, and that she had suffered no neck problems for many years prior to her present em-

ployment. Dr. Emond, the employer's expert witness, whose specialty is orthopedic surgery, testified that Briand's back pain is due to degenerative disc disease of at least ten years duration, and that it was "irritated," but not "aggravated," by her employment. Dr. Emond diagnosed Briand's neck condition as torticollis (wryneck), and explained her neck pain as deriving from her pre-existing back problems, since people with back pain often sleep in a position that causes neck strain. Dr. Emond determined that because no trauma was involved, her neck condition could not have been caused by cervical sprains.

In its decision of December 18, 1992, the board unanimously denied Briand's claim for benefits under RSA 281-A:2, XI and XIII (Supp. 1993), stating that she did not prove with "reasonable medical certainty" that her employment caused aggravation to a pre-existing medical condition. Briand moved for a rehearing, arguing that the board should have applied a preponderance of the evidence standard. The board denied the motion but amended its decision. The board's original decision, which stated, "that this opinion by Dr. Rahman does not rise to the level of *reasonable medical certainty*," was amended to read, "that this opinion by Dr. Rahman does not carry the claimant's burden of proof in presenting *competent medical testimony* which substantiates the causal relationship of the claimant's work at MacMulkin Chevrolet to her medical condition." (Emphasis added.) Thus, the board stated that Dr. Rahman's opinion did not satisfy Briand's burden of proof, and at the same time, the board rephrased what that burden should be.

On appeal, Briand first argues that the board erred as a matter of law in failing to apply a preponderance of the evidence standard. In workers' compensation cases, a claimant "has the burden of proving by competent evidence both the existence of a compensable accidental injury and the extent of his disability." *City of Rochester v. Smith*, 119 N.H. 495, 496, 403 A.2d 421, 422 (1979). The claimant must prove both medical and legal causation by a preponderance of the evidence. *See New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 230, 400 A.2d 1163, 1168 (1979). Thus, the board's use in its original decision of the "reasonable medical certainty" standard was erroneous because it is a higher standard than that required by law.

Briand argues that the board erred by amending its discussion of the burden of proof in its denial of her motion for rehearing, by not conducting a new hearing and by not applying the amended standard. RSA 541:3 provides a mechanism whereby administrative

agencies may reconsider their decisions on the pleadings and evidence already before them without a hearing. The board acknowledged in its decision on the claimant's motion for rehearing that the wrong standard had previously been applied, and then determined that when the amended standard was applied to the record, Briand still failed to meet her burden of proof. Having duly considered Briand's case according to the proper standard of competent medical testimony, the board did not abuse its discretion or err as a matter of law with respect to the standard of proof applied.

The next issue on appeal concerns the board's treatment of an auto accident experienced by Briand when she was a child. In its initial decision, the board stated: "If we accept the fact that the claimant had some neck problems as a result of an auto accident as a young child, then we would have to find that there is a separate and intervening incident arising out of and in the course of employment which caused this condition to become disabling." Briand argues that the board erred by extrapolating a pre-existing condition from the following: a letter dated August 27, 1991, from Dr. Rahman to Dr. Douglas Joseph (Briand's original physician), mentioning Briand's account of a childhood car accident and that she began feeling soreness in her neck since then; and a notation concerning physical therapy in a St. Joseph's Hospital record on September 19, 1991, that says: "Cervical spine — long history of problems." Briand contends that the board's decision, based on these documents, which are referred to as "two separate histories," implies that her condition stems from that accident. She argues that the board erred by failing to give reasons for not accepting her uncontradicted account that this accident of thirty years ago has no bearing on her present condition. *See Appeal of Lambrou*, 136 N.H. 18, 20, 609 A.2d 754, 755 (1992); 3 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 80.23 (1993).

■ We have held that the board's findings of fact, and decision made pursuant to those findings, will not be disturbed if supported by competent evidence in the record. *Appeal of Lambrou*, 136 N.H. at 20, 609 A.2d at 755. RSA 541:13 states that "all findings of the commission upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable." RSA 541:13 (1974). This presumption may be overcome only by a showing that there was no evidence from which the board could conclude as it did. *Appeal of Granite State Elec. Co.*, 121 N.H. 787, 791, 435 A.2d 119, 121 (1981). Our review of the record indicates that there was evidence upon which the board could properly make its findings.

Briand next argues that the board erred in denying benefits for the aggravation of her pre-existing neck condition on the basis that no "incident" occurred on her job. We agree. In accepting as fact that the childhood auto accident was the cause of Briand's neck problems, the board stated that it would have to find a "separate and intervening incident" that caused the condition to be disabling before awarding the claimant compensation. The relevant statute dealing with whether an injury is compensable defines injury or personal injury as "accidental injury or death arising out of and in the course of employment, or any occupational disease or resulting death arising out of and in the course of employment . . . ." RSA 281-A:2, XI (Supp. 1993). In order to receive compensation, an injured employee must prove that the injury or death was both accidental and causally related to his employment. *Steinberg*, 119 N.H. at 226, 400 A.2d at 1165.

██ First we consider the accidental requirement. "An accidental injury within the meaning of worker's compensation law need not be traumatic or dramatic. The aggravation of a pre-existing physical condition is compensable if occasioned by accidental injury." *Walter v. Hagianis*, 97 N.H. 314, 317, 87 A.2d 154, 157 (1952); *see* RSA 281-A:2, XI (defining "injury"); *cf. Town of Hudson v. Wynott*, 128 N.H. 478, 482, 522 A.2d 974, 976 (1986) (employer responsible for first work-related injury not accountable for progression of injury if second, independent incident occurs). A disability may arise from routine activities, as in this case where Briand complained of activities on the job that led to her condition, and still be compensable if it results in an unexpected effect. *See Steinberg*, 119 N.H. at 226, 400 A.2d at 1165-66. A disability may develop gradually, but an acute manifestation occurring on a particular day which is so intolerable that it prevents the claimant from working is considered an accidental injury for purposes of compensation. *Kacavisti v. Sprague Electric Co.*, 102 N.H. 266, 269-70, 155 A.2d 183, 185 (1959). This description is consistent with Dr. Emond's testimony that a sudden onset of Briand's pre-existing condition occurred in August and December of 1991 because of her physical exertion on the job. Thus, Briand has met the accidental requirement of RSA 281-A:2, XI, and we reverse the board's finding to the contrary.

Briand must also prove that the employment caused or contributed to her disability. *See Cheshire Toyota/Volvo, Inc. v. O'Sullivan*, 129 N.H. 698, 701, 531 A.2d 714, 715 (1987). In this respect, the claimant must show both legal causation, *i.e.*, that her injury is work-connected, and medical causation, *i.e.*, that her disability was actu-

ally caused by the work-related event. *Tzimas v. Coiffures By Michael*, 135 N.H. 498, 500, 606 A.2d 1082, 1083 (1992). In its decision, however, the board made no determination as to legal causation, but found that Briand did not satisfy the burden of proof for medical causation. On remand, the board may choose to reach a decision as to legal causation as well, but our analysis concerns solely the board's determination of medical causation.

The board relied on Dr. Emond's testimony for the proposition that Briand's degenerative disc disease "was only *irritated* by the type of work she performed at MacMulkin" (emphasis added), in its determination that "the work at MacMulkin Chevrolet did nothing to contribute to the progression of the claimant's degenerative disc disease." Thus, the board found that no medical causation was proven.

■ The board's determination that there was no contribution to Briand's underlying disorder is supported by the record. We have not previously determined whether the mere activation of disabling symptoms absent an accompanying worsening of the underlying condition may be compensable. While we recognize that some other jurisdictions have determined that mere symptomology is not compensable, the better rule allows for compensation where work-related activities are the medical and legal cause of the "lighting up" or activation of disabling symptoms, regardless of the cause of the underlying disorder. *See Bryant v. Masters Mach. Co.*, 444 A.2d 329, 334 (Me. 1982); *see also Mandex, Inc. v. Industrial Com'n of Arizona*, 151 Ariz. 567, 570, 729 P.2d 921, 924 (1986). In *Bryant*, where the claimant's fall from his stool at work combined with a pre-existing arthritic condition of the cervical spine to produce pain sufficient for the requirements of medical causation, the Supreme Judicial Court of Maine held that the onset of symptoms resulting from work activity is compensable, *Bryant*, 444 A.2d at 334, regardless of the specific nature of the symptoms, *id.* at 342. In the case at hand, there is the testimony of Briand that she experienced severe neck and back pain, as well as the diagnosis of Dr. Rahman that Briand suffered from chronic pain syndrome. On remand, the board must interpret Dr. Emond's testimony with the purpose of determining, pursuant to our traditional tests of medical and legal causation in cases involving pre-existing conditions, *see O'Sullivan*, 129 N.H. at 701, 531 A.2d at 715, whether Briand's work-related exertion activated disabling symptoms of a pre-existing condition. We vacate the board's finding on causation and remand for application of the correct legal standard.

We hold that since the board improperly interpreted the accidental requirement for a compensable injury and may not have accurately evaluated Dr. Emond's testimony for use in the application of the standard for medical causation, its decision must be reversed in part, vacated in part, and remanded. Upon remand, the board should make specific findings of fact supporting its decision to grant or deny benefits. *See Appeal of Lambrou*, 136 N.H. at 21, 609 A.2d at 756.

*Reversed in part; vacated*
*part; and remanded.*

All concurred.