Compensation Appeals Board
No. 92-723

APPEAL OF DENISE KEHOE

(New Hampshire Department of Labor Compensation
Appeals Board)

September 26, 1994

*Kahn & Brown,* of Nashua (*James H. Leary* and *John J. LaRivee* on the brief, and *Mr. Leary* orally), for the claimant.

*Kelliher & Clougherty* and *Elizabeth Cazden,* of Manchester (*Thomas W. Kelliher* and *Ms. Cazden* on the brief, and *Mr. Kelliher* orally), for respondents Lockheed-Sanders Co. and Liberty Mutual Insurance Co.

BROCK, C.J. The claimant, Denise Kehoe, appeals an adverse decision by the New Hampshire Department of Labor Compensation Appeals Board (the board) denying her claim for workers' compensation benefits. We vacate and remand for further proceedings consistent with this opinion.

The claimant was employed at Lockheed-Sanders from August 1979 to September 1991. During those twelve years, she was regularly exposed to numerous chemicals while performing her job. Over a period of time, the claimant developed symptoms including severe headaches, breathing difficulties, and allergies. By 1991 her symptoms were disabling, and she filed a claim for workers' compensation benefits. The claim was denied by a hearings officer, and the claimant appealed to the board.

Following a hearing, the board denied the claim. The board concluded:

The majority of the panel does not find that the claimant has met her burden of proof that her symptoms are an occupational disease under RSA 281-A:2, XIII or arise out of and in the course of her employment at Sanders. The majority of the panel believes that the diagnosis of occupational asthma is not proven due to the equivocal opinions of the physicians at the Hitchcock Clinic and the claimant's medical history of severe migraine problems and stress not associated with employment as well as other factors in the claimant's environment such as smoking in the residence, and other allergies.

The claimant argues: (1) that the board abused its discretion in finding that she failed to meet her burden of proof that her disability is an occupational disease or arises out of or in the course of her employment where "overwhelming evidence" shows that her injury or illness is the result of her exposure to chemicals in the work place; (2) that the board erred as a matter of law in interpreting the term "occupational disease" under RSA 281-A:2, XIII (Supp. 1993); (3) that the term "occupational disease" includes the aggravation of a pre-existing condition or disease; and (4) that the board misinterpreted her diagnosis as occupational asthma, as opposed to multiple chemical sensitivity, and thereby reached an erroneous conclusion of fact and law.

The board's decision includes the following summaries of testimony provided by the physician witnesses:

In September 1991 the claimant began treating with Daniel Kinderlehrer, M.D., who is board certified in internal medicine and specializes in environmental medicine and practices with the New England Center for Holistic Medicine. Dr. Kinderlehrer testified on behalf of the claimant. He has diagnosed asthma and multiple chemical sensitivity disorder. Dr. Kinderlehrer is of the opinion that the claimant developed these conditions from chronic exposure to toxic chemicals in the work place. His opinion is based upon the history given by Mrs. Kehoe, and the material data safety sheets she provided which she stated pertained to chemicals she often used in the work place . . . . According to Dr. Kinderlehrer because of Mrs. Kehoe's long term exposure to chemicals in the work place she became sensitized to even low levels, i.e. below the OSHA standard, of these chemicals in the environment. (multiple chemical sensitivity disorder). In Dr. Kinderlehrer's opinion the claimant is disabled from

work because she now reacts to extremely low levels of chemicals found the [sic] work place, e.g. ink, perfumes, gasoline, newsprint etc.

. . . .

The employer presented the testimony of Robert Godefroi, M.D., the medical director at Lockheed-Sanders. Dr. Godefroi is board certified in occupational medicine and family medicine. . . . Dr. Godefroi opined that multiple chemical sensitivity is a controversial diagnosis, and it is not supported by scientific data showing that small amounts of chemicals can cause a change in the immune system. In his opinion multiple chemicals sensitivity is a psychiatric disorder causing anxiety due to chemicals. (Dr. Kinderlehrer and the claimant's attorney did submit a [sic] medical literature supporting the contention that multiple chemical sensitivities syndrome is an accepted medical diagnosis). Dr. Godefroi reviewed the claimant's medical records and concluded that her complaints were not occupational asthma, but a number of different factors caused the asthma including respiratory infections, stress, and headaches along with . . . psychiatric and emotional factors.

"Occupational disease" is defined in RSA 281-A:2, XIII as "an injury arising out of and in the course of the employee's employment and due to causes and conditions characteristic of and peculiar to the particular trade, occupation or employment." "If the employment is attended with unusual . . . chemicals . . . the problem of satisfying the distinction from the 'ordinary' is not serious." 1B A. LARSON, THE LAW OF WORKMEN'S COMPENSATION, § 41.33(a) (1993). "[E]ven a disease which is rare and which is due to the claimant's individual allergy or weakness combining with employment conditions will usually be held to be an occupational disease if the increased exposure occasioned by employment in fact brought on the disease." Id. § 41.00. "[T]he quantitative size or extent of the exposure is immaterial, if it was sufficient to produce the disease in combination with the worker's unusual sensitivity." Id. § 41.62(d); see Strahan v. Hunter Hosiery Co., 109 N.H. 96, 100, 244 A.2d 432, 435 (1968); Moore v. Company, 88 N.H. 134, 137, 185 A. 165, 167 (1936). Little doubt exists that multiple chemical sensitivity syndrome due to workplace exposure to chemicals is an occupational disease compensable under our workers' compensation statute. Cf. Kouril v. Bowen, 912 F.2d 971 (8th Cir. 1990);

Richman, *Legal Aspects of Asthma in the Workplace,* PA. BAR ASS'N Q. 161, 165 (July 1993).

■ Orders or decisions of the board "shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13 (1974). The board's findings of fact and decision made pursuant to those findings will not be set aside if supported by competent evidence in the record. *See Xydias v. Davidson Rubber Co.,* 131 N.H. 721, 723–24, 560 A.2d 627, 628 (1989). These principles, however, rest on the presumption that the board has made findings of fact sufficient to form the basis for meaningful judicial review.

■ The board's decision denies benefits because the claimant failed to prove that she suffers from occupational asthma. The claimant, however, did not base her claim on occupational asthma. Rather, she presented a claim of occupational disease based on multiple chemical sensitivity syndrome which manifested itself in bronchospasms, headaches, and reactions to a wide range of substances. The board should have determined whether the evidence warrants a finding that the effects on this claimant of exposure to chemicals in the workplace constituted a compensable disease under the statute. We therefore vacate and remand to the board for a determination of whether the claimant suffers from multiple chemical sensitivity syndrome and, if she does, whether the workplace caused or contributed to the disease. *See Appeal of Lambrou,* 136 N.H. 18, 20, 609 A.2d 754, 756 (1992).

*Vacated and remanded.*

All concurred.