Compensation Appeals Board
No. 95-851

## APPEAL OF WINFORD A. CHICKERING, JR.

### (New Hampshire Compensation Appeals Board)

April 29, 1997

*Nixon, Raiche, Manning & Branch, P.A.*, of Manchester (*Leslie C. Nixon* on the brief and orally), for the claimant.

*Kelliher & Clougherty* and *Elizabeth Cazden*, of Manchester (*Thomas W. Kelliher* and *Ms. Cazden* on the brief, and *Mr. Kelliher* orally), for respondents Granite State Telephone Co. and Liberty Mutual Insurance Co.

BRODERICK, J. The claimant, Winford A. Chickering, Jr., appeals from a decision of the New Hampshire Compensation Appeals Board (board) which denied him workers' compensation benefits. The board ruled that the claimant failed to prove medical causation. We affirm.

At the time of his alleged work-related injury, the claimant was employed by Granite State Telephone Company as a lineperson. The claimant testified that in November 1993, he was working by the side of the road when a passing car made a loud noise. He quickly turned his head in the direction of the sound and soon thereafter began to complain about pain in his right ear.

The following day he sought treatment at an emergency room. The treating physician noticed swelling in the claimant's right ear and prescribed medication. When the claimant's symptoms persisted, he sought care from a specialist who identified a problem with the claimant's right temporomandibular joint (TMJ). When the claim-

ant's pain did not respond to treatment, he was referred to Mark M. Scura, D.M.D., an oral surgeon, who recommended surgery. The surgery was performed, and the claimant's pain abated.

The claimant sought workers' compensation benefits. After his claim was denied by a hearings officer, he appealed to the board, which held an evidentiary hearing. The board heard testimony from Dr. Scura and the claimant. The claimant's medical records were also placed in the record. On direct examination Dr. Scura testified that "from the time sequencing and the resultant symptoms it seems like there was a cause and effect relationship" between the claimant's TMJ pain and the noise he heard when the automobile passed him on the road. Dr. Scura testified that it was not the noise itself that caused the claimant's injury, but rather the claimant's quick neck movement in response to the noise.

On cross-examination, however, Dr. Scura conceded that the most probable cause of TMJ problems, other than those resulting from stress or malocclusions, is physical trauma. Dr. Scura explained that while a whiplash injury could cause a TMJ problem, he had never heard of a whiplash injury occurring without an outside mechanical force or fall. He further acknowledged that the symptoms reported by the emergency room doctor who examined the claimant were more indicative of an infection than of TMJ trauma. He also stated that, although he found the claimant to be quite credible, the causal theory advanced by the claimant was "unusual to say the least but it's within the realms of possibility." Finally, he repeatedly noted that his conclusions regarding the cause of the claimant's injury were primarily based upon the fact that no other cause had presented itself.

The board ruled that "Dr. Scura's opinion failed to rise to the level of 'more probable than not'" and that the claimant had therefore failed to sustain his burden of proving medical causation. Accordingly, the board denied the claim for workers' compensation benefits. This appeal followed.

The claimant challenges the board's conclusion that he had failed to prove that the roadside incident was the medical cause of his TMJ injury. Specifically, the claimant asserts that the board committed legal error by ignoring undisputed medical testimony. The claimant points to the board's statement that there was "nothing in the record to sustain the claimant's medical burden" as confirmation that the board inappropriately disregarded Dr. Scura's testimony. The claimant also asserts that the board's determination that he had not met his burden was unjust and unreasonable. Finally, he argues that the board erred in refusing to consider a medical report that

was inadvertently not received by the board prior to the hearing, but was provided with claimant's motion for reconsideration.

■ ■ We will only overturn the board's decision for errors of law, or if the claimant demonstrates by a clear preponderance of the evidence that the board's order is unjust or unreasonable. RSA 541:13 (1974); *see also Appeal of Lambrou*, 136 N.H. 18, 20, 609 A.2d 754, 755 (1992). In order to establish medical causation, the claimant bears the burden of demonstrating "by a preponderance of the evidence, that the work related activities probably caused or contributed to the employee's disabling injury as a matter of medical fact." *Appeal of Kehoe*, 141 N.H. 412, 417, 686 A.2d 749, 752-53 (1996) (quotation, emphasis, and brackets omitted). In resolving this issue, the board must base its findings "upon the medical evidence rather than solely upon its own lay opinion." *Id.* at 417, 686 A.2d at 753 (quotation omitted). As treating physicians are generally quite knowledgeable about a claimant's condition, their reports must be accorded considerable weight. *Id.*

Notwithstanding the claimant's assertions to the contrary, the present case is not one in which the board ignored uncontradicted medical testimony or substituted its own judgment for that of the experts. *Cf. id.* at 418-19, 686 A.2d at 754. Instead, the board was presented with testimony whose very foundation was undermined on cross-examination. In such a case, the board has discretion to reject the testimony of the expert witness. *See Petition of Blake*, 137 N.H. 43, 49, 623 A.2d 741, 745 (1993). As with conflicting testimony from distinct witnesses, the board is "free to disregard or accept, in whole or in part," the expert's testimony, and we must give the board's decision great deference. *Appeal of Gamas*, 138 N.H. 487, 490-91, 642 A.2d 925, 927 (1994).

■ On the record before us we cannot say that the board's ruling was erroneous as a matter of law, or clearly unjust or unreasonable. The board could reasonably determine that Dr. Scura's causation testimony was so compromised by the critical concessions he made during cross-examination that, in effect, there was "nothing in the record to sustain the claimant's medical burden."

Even if we assume that the board erred in refusing to consider the additional medical report that was provided with the claimant's motion to reconsider, the board's determination that the claimant had failed to prove medical causation must stand. This report, like Dr. Scura's testimony, simply states that the roadside incident was a conceivable, though unlikely, cause of the claimant's injury. It has long been recognized that the erroneous decision to admit or exclude cumulative evidence is almost invariably harmless. *Cf.* R.

TRAYNOR, THE RIDDLE OF HARMLESS ERROR 6-7 (1970) (discussing the 1835 Court of Exchequer decision in *Crease v. Barrett*). The claimant bears the burden of showing that the board's alleged error resulted in material prejudice. *See Attitash Mt. Service Co. v. Schuck*, 135 N.H. 427, 430-31, 605 A.2d 1067, 1070 (1992). In this case the claimant has failed to make any such showing, and accordingly, the board's order must be affirmed.

*Affirmed.*

All concurred.