Compensation Appeals Board
No. 95-618

APPEAL OF GERALD GELINAS

(New Hampshire Compensation Appeals Board)

September 23, 1997

*Kinghorn & Maynard, P.A.*, of Nashua (*Steven L. Maynard* on the brief and orally), for the claimant.

*Sulloway & Hollis*, of Concord (*James E. Owers* on the brief and orally), for respondent St. Paul Fire & Marine Insurance Company.

*Eric P. Bernard, P.C.*, of Manchester (*Eric P. Bernard* on the brief and orally), for respondent Wausau Insurance Companies.

BROCK, C.J. The claimant, Gerald Gelinas, appeals from a decision of the New Hampshire Compensation Appeals Board (board) denying him workers' compensation benefits. We vacate and remand.

The board found the following facts. The claimant began working at Pilgrim Foods, Inc. in 1991 as a tractor trailer driver. His job included delivering liquid freight and dry bulk load freight to area

warehouses. The liquid freight deliveries required the handling of heavy hoses, and the bulk load deliveries sometimes involved lifting pallets weighing seventy to ninety pounds each. The claimant's supervisor testified at the hearing that the claimant's job entailed significant physical exertion.

In May 1991, the claimant injured his back when he reached up to pull the strap to close his delivery truck's overhead door. He sought medical treatment for a lumbar muscle spasm and received temporary total disability benefits from respondent St. Paul Fire & Marine Insurance Company (St. Paul). He returned to work soon thereafter, but testified at the hearing that he continued to suffer pain in his lower back. He also testified that he had not experienced any back pain prior to the 1991 incident.

Beginning in 1993, the claimant sought additional treatment for continued back pain. In the fall of that year, he was out of work briefly due to increased pain. He was prescribed a "buffalo brace" to wear when he returned to work, but he testified that although he wore it, the brace did not alleviate the pain. The claimant also stated that on February 23, 1994, his legs went out from under him while he was making a delivery at a Star Market. On February 24, his treating physician excused him from work indefinitely.

The claimant applied for workers' compensation benefits in May 1994. A department of labor hearing officer held a hearing on the request, at which both respondent insurers appeared; St. Paul had provided workers' compensation insurance for Pilgrim Foods through August 1991, and respondent Wausau Insurance Companies (Wausau) provided coverage beginning June 1, 1993. The hearing officer denied the claimant's request, and the claimant appealed to the board. After a hearing, the board found that the claimant "suffers from arthritis and degenerative disc disease," and that the "[m]edical evidence regarding the 1991 injury all state that the injury was a lumbar strain that should resolve." Based on these findings, the board ruled that "[t]he claimant's disability of February 23[,] 1994[,] is not found to be causally related to the injury on May 16, 1991[,] or to be a new injury." Accordingly, the board concluded that the claimant had failed to meet his burden of proof, and denied the claimant's request for benefits.

The claimant moved for rehearing on the grounds that the board had failed to apply relevant case law in evaluating evidence that the claimant's work-related activities had "aggravated or triggered [his] arthritis into a disability state," and that the board had ignored evidence that a specific work injury in February 1994 "had triggered or activated a disabling condition." The board denied the motion,

ruling that the claimant did not meet his burden of proof as to causation at the hearing, and stating that it "did not find that the [claimant's disability was] either a direct or indirect consequence of his employment." This appeal followed. *See* RSA 281-A:43, I(c) (Supp. 1996); RSA 541:6 (1997).

We will uphold an order of the board unless it is erroneous as a matter of law or the claimant has demonstrated that the order is unjust or unreasonable. *Appeal of Lalime*, 141 N.H. 534, 537, 687 A.2d 994, 997 (1996); *see* RSA 541:13 (1997). On appeal, the claimant argues that the board erred in failing to determine whether his work-related activities contributed to or aggravated his arthritis and degenerative disc disease so as to constitute a compensable injury. We understand the claimant's argument as encompassing two alternative theories of causation for his disability: first, that the cumulative traumatic effect of his work-related activities contributed to or aggravated his condition to the point of disability; or second, that a specific work-related traumatic event or events, such as the injury that allegedly occurred in February 1994, contributed to or aggravated his condition to the point of disability.

■ ■ A disability which is causally related to cumulative work-related stress may constitute a compensable injury under New Hampshire's workers' compensation law. *See Appeal of Briggs*, 138 N.H. 623, 628, 645 A.2d 655, 659 (1994). This may be so even if the claimant had a pre-existing degenerative condition and did not suffer a discrete traumatic injury. *See id.* at 627, 645 A.2d at 658; *Appeal of Briand*, 138 N.H. 555, 559, 644 A.2d 47, 49-50 (1994). We have also recognized that the aggravation of a pre-existing condition by a discrete work-related injury may be compensable. *See Petition of Croteau*, 139 N.H. 534, 539, 658 A.2d 1199, 1203 (1995); *cf. Appeal of Commercial Union Ins. Co.*, 140 N.H. 429, 432, 666 A.2d 987, 990 (1995).

The claimant presented evidence supporting both theories of causation. As to the cumulative effect theory, Dr. Henry Astarjian, the claimant's treating physician, submitted his opinion that "the nature of [the claimant's] work . . . over a long period of time has exacerbated the discogenic disease that [is] the source of his pain and inability to continue his work. [The] repetitive weight lifting markedly contributes to instituting and aggravating [the arthritis] from which [the claimant] suffers." As to the specific traumatic event theory, Dr. Gerald DeBonis, who reviewed the claimant's records for Wausau, acknowledged in his report that "[s]pecific instances of a traumatic nature might contribute [to] or accelerate

the degenerative process" from which the claimant suffers. Testimony from the claimant regarding his alleged work-related injury at the Star Market in February 1994 was suggestive of a specific traumatic instance.

■ The board's findings that the claimant's disability was not causally related to the February 1991 injury, and did not constitute a "new injury," are not dispositive of the claimant's arguments. Neither finding addresses the question whether the claimant's employment activities — whether cumulatively or as a result of a discrete injury — contributed to or aggravated his arthritis and degenerative disc disease to the point of disability. *See Appeal of Briggs*, 138 N.H. at 628-29, 645 A.2d at 659; *Petition of Croteau*, 139 N.H. at 539, 658 A.2d at 1203. Indeed, the board did not determine, as a preliminary matter, whether a work-related injury occurred in February 1994. Accordingly, we vacate the board's decision and remand for a determination whether the claimant's disability is causally related to cumulative work-related stress or to a specific work-related traumatic event.

Wausau argues that the board's order denying rehearing implicitly and necessarily addresses the claimant's arguments – and rejects them — by finding that the claimant's disability is not an "indirect" consequence of his employment. We disagree. The board's order does not respond to the claimant's motion for rehearing. *Cf. Appeal of Lalime*, 141 N.H. at 539, 687 A.2d at 998 (remanding for failure to "address coherently" one of claimant's arguments). The order does no more than reiterate the conclusions made in the board's initial decision, in which the board made no specific findings that would indicate whether the claimant's disability was causally related to cumulative work-related trauma or specific work-related traumatic events; the board made no new findings or rulings in the second order.

The insurers also contend that other evidence presented at the hearing was sufficient to support findings by the board that the claimant's disability was not related to his work activities. As noted above, the claimant presented evidence supporting both theories of causation at issue in this appeal. We will not speculate as to the conclusions the board might have reached had it addressed the claimant's arguments; rather, we properly leave to the board the task of evaluating the evidence in the first instance, under the appropriate standards, on remand.

Finally, we note that St. Paul devotes some attention in its brief to the question of which insurer would be obliged to provide benefits to

the claimant should he prevail on appeal. This question is not properly before us at this time; the board may resolve it on remand in the event the board finds that the claimant is entitled to benefits. *See* RSA 281-A:46 (Supp. 1996); *Appeal of Commercial Union*, 140 N.H. at 431-32, 666 A.2d at 989.

*Vacated and remanded.*

All concurred.