Compensation Appeals Board
No. 97-128

### APPEAL OF CARMEN S. MURRAY

(New Hampshire Compensation Appeals Board)

July 21, 1998

*Nixon, Raiche, Manning & Casinghino, P.A.,* of Manchester (*Leslie C. Nixon* on the brief and orally), for the petitioner.

*Patch & Fitzgerald Professional Association,* of Manchester (*Edward F. Patch* on the brief and orally), for the respondent, K-Mart Corporation of New Hampshire.

JOHNSON, J. The petitioner, Carmen S. Murray, appeals the decision of the New Hampshire Compensation Appeals Board (board) denying her claim for reimbursement of travel expenses to a physician in Manchester. We vacate and remand for a new hearing on the issue of whether these travel expenses were reasonable.

The petitioner injured her back in December 1990 while working in Manchester for the respondent, K-Mart Corporation of New Hampshire. As a result of her injury, Dr. M. Dennis Wachs, a Manchester physician, performed surgery on the petitioner's spine in 1992. In December 1994, the petitioner moved to Puerto Rico, apparently on Dr. Wachs' advice that a warmer climate may ease persistent pain symptoms. The petitioner testified, however, that after moving to Puerto Rico, she continued to experience problems with her back.

In May 1995, the petitioner returned to Manchester to consult with Dr. Wachs regarding feasible treatment options. At that time, Dr. Wachs discussed with her the possibility that further surgery would ease her discomfort. The petitioner testified that she was unable to locate a physician in Puerto Rico who was willing to perform the surgery. Accordingly, the petitioner returned to Manchester in July 1995 to have Dr. Wachs perform back surgery and remove certain hardware that Dr. Wachs had inserted in 1992. Although the respondent agreed to pay the cost of the surgery itself, it denied the petitioner's claim for reimbursement for the cost of travel to Manchester from Puerto Rico for the July 1995 surgery. The petitioner filed a claim with the department of labor for reimbursement of her July 1995 travel expenses. That claim was subsequently granted by the hearings officer. The respondent appealed to the board, see RSA 281-A:43, I(b) (Supp. 1997), which ruled that the respondent was not responsible for the airfare and lodging expenses incurred for the July surgery. This appeal followed.

The petitioner subsequently filed a claim for travel expenses associated with the May 1995 trip to Manchester. The hearings officer ruled that the petitioner was entitled to reimbursement for those expenses, and the respondent has appealed this ruling to the board. The respondent's appeal to the board, however, has been stayed pending the resolution of this case.

On appeal, the petitioner argues that the board erred as a matter of law in denying her request for reimbursement of travel expenses because the respondent had stipulated that the July 1995 surgery performed by Dr. Wachs was medically necessary. In its decision, the board stated that whether the surgery itself was reasonable and

necessary was not at issue, but rather the reasonableness of the petitioner's decision to have the surgery performed in Manchester. The board refused to award reimbursement of travel expenses, however, because it found that the petitioner failed to provide any medical evidence that it was necessary for Dr. Wachs to perform the July 1995 surgery. The board held that "[t]he claimant's testimony alone does not establish or verify the lack of proper medical facilities and/or physicians in her home country of Puerto Rico."

In deciding this appeal,

> [w]e will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable. As long as competent evidence supports the board's decision, we will not reverse its determination even if other evidence would lead to a contrary result.

*Appeal of Hooker*, 142 N.H. 40, 47, 694 A.2d 984, 988 (1997) (quotations, citation, and brackets omitted); *see* RSA 541:13 (1997).

On appeal, the petitioner contends that the workers' compensation statute and the labor department's own regulations dictate that once the respondent approved the underlying surgery, it was obligated to provide for her reasonable travel expenses to New Hampshire. The respondent replies that entitlement is not automatic — the petitioner, after establishing that the surgery is medically necessary, must also show, through medical evidence, that travel to her doctor was medically advantageous.

RSA 281-A:23, I (Supp. 1997) provides:

> An employer subject to this chapter, or the employer's insurance carrier, shall furnish or cause to be furnished to an injured employee reasonable medical, surgical, and hospital services, remedial care, nursing, medicines, and mechanical and surgical aids for such period as the nature of the injury may require. The injured employee shall have the right to select his or her own physician.

In addition, labor department regulations mandate that "[p]ayable costs under RSA 281-A:23 and this rule shall include the related reasonable and documented expenses of the claimant for all necessary travel and meals and lodging." N.H. ADMIN. RULES, Lab 506.02(l). The claimant argues that because the statute declares that a claimant shall select his or her own doctor, once the employer determines that treatment is medically reasonable and necessary, the employer is required to pay all associated travel expenses.

■ "Basic statutory construction rules require that all of the words of a statute must be given effect," *Appeal of Town of Derry Educ. Assoc.*, 138 N.H. 69, 71, 635 A.2d 465, 467 (1993), and we construe the workers' compensation statute in favor of the injured employee "in order to give the broadest reasonable effect to the remedial purpose of the workers' compensation laws," *Appeal of Griffin*, 140 N.H. 650, 654, 671 A.2d 541, 543 (1996). "Nevertheless, we do not assume that the legislature would enact statutory language that would lead to an absurd result." *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997). Therefore, although we agree that the petitioner has the right to select her own physician, we do not believe that this right is unlimited and would entitle the petitioner to be reimbursed for travel anywhere that her physician may practice. If that were the case, claimants might be tempted to choose health care providers based solely on an attractive geographic location rather than medical competency. Accordingly, we hold that a claimant who has established that a certain medical procedure is compensable must also establish that the requested travel was "reasonable." *See* N.H. ADMIN. RULES, Lab 506.02(l); *see Bonitz Bros., Inc. v. W.C.A.B. (Wymes)*, 474 A.2d 393, 395 (Pa. Commw. Ct. 1984) (determining whether travel was reasonable even after carrier had approved of medical procedure).

■ This leads us to the issue of what a claimant must show to establish that the requested travel was "reasonable." In making this determination, we must strike a balance that preserves the claimant's statutory right to choose a physician while protecting employers from being required to pay for unreasonably costly or unnecessary travel expenses. Accordingly, we hold that in order to establish that travel expenses are eligible for reimbursement, the claimant must present some evidence that there is a reasonable medical advantage to traveling to a certain physician, *cf. Matter of Compensation of Pyle*, 640 P.2d 680, 682 (Or. Ct. App. 1982) (under statute entitling claimants to choose own physician, petitioner awarded travel expenses because doctor visits necessary to her treatment), or a lack of opportunity locally that justifies travel to a physician outside the area. *Cf. Alcan Elec. v. Bringmann*, 829 P.2d 1187, 1189 (Alaska 1992) (by statute, employee entitled to reimbursement where "equally beneficial treatment" is not available in home state); *Layne-Western Co. v. Cox*, 497 So. 2d 955, 956 (Fla. Dist. Ct. App. 1986) (pursuant to Florida statute, controlling issue is whether local facilities offer comparable treatment).

■ Finally, the respondent asserts that the claimant must establish reasonableness through *expert medical testimony* that "equally beneficial treatment was not available locally." We do not agree. The determination of whether the travel expenses are reasonable in some instances may not require expert medical testimony. Unlike a determination of medical causation, for example, that by its nature lies solely in the province of medical experts, *see Appeal of Briggs*, 138 N.H. 623, 629, 645 A.2d 655, 659 (1994), a claimant may be able to establish through lay testimony that travel outside the local area was warranted. Moreover, in order to give substantial effect to a claimant's statutory right to choose the doctor best suited to the claimant's needs, *see Appeal of Cote*, 139 N.H. 575, 578, 660 A.2d 1090, 1093 (1995) (construing the workers' compensation statute "to give the broadest reasonable effect to its remedial purpose"), we will require only that claimants provide some competent evidence of reasonableness. *But cf. United Records & Tapes v. Deall*, 378 So. 2d 99, 99 (Fla. Dist. Ct. App. 1979) (claimant not entitled to reimbursement of travel expenses "unless competent substantial evidence is presented to show that local treatment or evaluation would be unavailable or less beneficial to claimant").

The board denied reimbursement because it believed that "[i]t is incumbent upon the claimant to submit competent medical evidence in support of her position that it was necessary for Dr. Wachs to perform the second surgical procedure" and that the claimant failed to provide medical evidence to support her claim. We accordingly vacate the board's order and remand for a new hearing to determine whether the petitioner's travel expenses were reasonable under the test set forth above. *See Appeal of Kehoe*, 139 N.H. 24, 27, 648 A.2d 472, 474 (1994).

*Vacated and remanded.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.