Compensation Appeals Board
No. 98-288

APPEAL OF ROCKINGHAM COUNTY SHERIFF'S DEPARTMENT

(New Hampshire Compensation Appeals Board)

September 13, 1999

*Forman & Bernier, P.A.*, of Londonderry (*Gary H. Bernier* on the brief and orally), for the claimant.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*Stephen J. Schulthess* on the brief and orally), for the employer.

JOHNSON, J. The employer, the Rockingham County Sheriff's Department, appeals a decision of the compensation appeals board (board) finding that the claimant, Michael Alden, suffered a work-related injury and was entitled to workers' compensation benefits. We reverse and remand.

The record reveals the following facts. The claimant testified that he was employed for approximately nineteen years as a deputy sheriff with the Rockingham County Sheriff's Department. He testified that on March 5, 1997, he injured his back while moving a heavy credenza in an office in the sheriff's department. The claimant then asked a co-worker for a workers' compensation claim form and immediately left the sheriff's office. He has never returned to work. The employer denied the claimant's claim for benefits on the basis that there was no causal relationship between his injury and his employment. The claimant petitioned the department of labor, and the hearing officer denied benefits. *See* RSA 281-A:43, I(a) (Supp. 1998).

At the subsequent hearing *de novo* before the board, *see* RSA 281-A:43, I(b) (Supp. 1998), the employer contended, *inter alia*, that the claimant was not entitled to benefits because he suffered from a pre-existing chronic degenerative disc disease. The employer also alleged that the claimant failed to establish that: (1) he suffered an injury at work that substantially contributed to his claimed disability; or (2) he suffered a traumatic event causing a new injury. The claimant admitted that he had suffered back problems in the past. He contended, however, that those injuries had resolved and that he was entitled to benefits because he had suffered a new injury on March 5, 1997. Both parties presented medical evidence to support their assertions. The board ruled in favor of the claimant, stating that it found that the claimant's prior medical condition had stabilized and that he had suffered a work-related trauma when he moved the credenza. The board awarded workers' compensation benefits retroactively to the date of the injury, and "suggest[ed]" that the claimant undergo a physical capacity evaluation. The employer's motion for rehearing was denied, *see* RSA 541:4 (1997), and this appeal followed, *see* RSA 281-A:43, I(c) (Supp. 1998); RSA 541:6 (1997).

On appeal, the employer essentially contends that the board erred because: (1) its ruling was unsupported by the evidence; (2) it applied the incorrect legal standard regarding a pre-existing weak-

ness; (3) it improperly awarded disability benefits; and (4) it improperly construed all reasonable doubts in favor of the claimant.

Our standard of review is governed by RSA chapter 541. *See* RSA 281-A:43, I(c) (Supp. 1998). Accordingly, "we will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable." *Appeal of Murray*, 142 N.H. 910, 912, 714 A.2d 222, 223 (1998) (quotation and brackets omitted); *see* RSA 541:13 (1997). Because we conclude that the board erred in construing all reasonable doubts in favor of the claimant, we reverse.

As noted above, both parties produced expert medical opinions from multiple physicians in support of their competing claims. In its order and its rulings on the employer's proposed findings of fact, the board recognized the conflicting opinions of each parties' experts. The board ruled, however, that

> having heard the testimony of the claimant, including the testimony of all the witnesses, and having reviewed all the medical evidence, [the board] finds by a preponderance of the evidence that the claimant's prior medical condition had stabilized. The [board] further finds the claimant suffered a trauma induced event on March 5, 1997 during the course of his employment while the claimant was moving a credenza/bookcase. The [board] *construes all reasonable doubts in favor of the claimant.* As such, the [board] finds the claimant suffered a work related injury . . . .

(Emphasis added.) The employer contends that the board applied the wrong legal standard in construing all reasonable doubts in favor of the claimant and that this may have improperly shifted the burden of proof to the employer.

It is the board's task to consider each expert opinion and where such testimony conflicts, the board is "free to disregard or accept, in whole or in part, the expert's testimony." *Appeal of Chickering*, 141 N.H. 794, 796, 693 A.2d 1169, 1171 (1997) (quotation omitted). Although the board is free to weigh the validity of the evidence presented as it deems appropriate, such weighing must be done in the context of the evidence presented, *cf. Appeal of Gamas*, 138 N.H. 487, 490-91, 642 A.2d 925, 927 (1994), and within the dictates regarding the allocation of evidentiary burdens, *cf. Appeal of Lalime*, 141 N.H. 534, 537, 687 A.2d 994, 997 (1996).

■■ To establish a claim for benefits "a claimant is required to show that [his] injuries arose out of and in the course of [his]

employment. To show this, the claimant must prove by a preponderance of the evidence that [his] work-related activities probably caused or contributed to [his] disability." *Appeal of Kehoe*, 141 N.H. 412, 415-16, 686 A.2d 749, 752 (1996) (quotations and citation omitted). Further, although the burden of production may shift, the claimant retains the burden of persuasion on the issue of whether the injury was work-related. *See, e.g., Appeal of Lalime*, 141 N.H. at 537, 687 A.2d at 997. Specifically, the claimant

> bears the burden of persuasion to prove it is more likely than not that his injury was work-related. Once the [claimant] meets his initial burden to establish a *prima facie* case, the burden of production shifts to require the [employer] to rebut the claims made. The burden of persuasion never shifts, however, and therefore the [employer] need not prove where or how the injury claimed actually occurred.

*Appeal of Stetson*, 138 N.H. 293, 297, 639 A.2d 245, 248 (1994) (citation omitted). By resolving all reasonable doubts in favor of the claimant, however, the board reduced the claimant's evidentiary burden because preponderance of the evidence, the legal standard applicable in workers' compensation cases, "means such evidence as when weighed with that opposed to it has more convincing force, and from which it results that a greater probability is in favor of the party upon whom the burden rests." *Brooks v. Industrial Commission*, 539 P.2d 199, 203 (Ariz. Ct. App. 1975) (quotation omitted). Thus, it is improper for the board, as a matter of law, to automatically favor the claimant's experts over the employer's because the board risks improperly shifting the burden of persuasion to the employer. *Cf. Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, 512 U.S. 267, 269, 281 (1994) (invalidating department of labor rule that shifted burden of persuasion from the claimant where evidence presented was evenly balanced); *Brooks*, 539 P.2d at 203. Indeed, we have often rejected arguments by claimants on appeal that the board was required to construe all reasonable factual doubts in their favor because "that directive pertains not to the task of weighing evidence, but to the construction of the workers' compensation statutes." *Appeal of Newcomb*, 141 N.H. 664, 668, 690 A.2d 562, 564-65 (1997); *see, e.g., Appeal of Gamas*, 138 N.H. at 491, 642 A.2d at 928.

We must now determine whether it is appropriate for us to remand the case for further proceedings. Specifically, the employer contends that the board's ruling was unsupported by the evidence.

If the employer is correct, then a remand for further proceedings is unnecessary. "The board's findings of fact are deemed to be *prima facie* reasonable, and this presumption can only be overcome by a showing that there was no competent evidence from which the board could conclude as it did." *Appeal of Newcomb*, 141 N.H. at 667, 690 A.2d at 564 (citation omitted). As discussed above, the claimant presented medical evidence supporting his claim that he suffered a work-related injury. Specifically, Dr. David A. Graff, who had treated the claimant for his prior back problems, opined that the claimant's "current condition is causally related to the injury he sustained on March 5, 1997 while in the employ of the Rockingham County Sheriff's Department. The mechanism of injury was traumatic in nature and the symptomatic picture is unique to the two previous episodes for which he was seen in this office." Therefore, there was factual support in the record for the board's conclusion. Because we have determined, however, that the board erred as a matter of law by construing all reasonable doubts in favor of the claimant, we reverse and remand for further proceedings consistent with this opinion. *See Appeal of Jackson*, 142 N.H. 204, 206, 698 A.2d 1, 2 (1997). Given the disposition of this appeal, we decline to address the employer's remaining claims of error.

*Reversed and remanded.*

All concurred.